IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROBIN D. POST | ) | |
| PLAINTIFF | ) | |
| v. | ) | |
| | | CASE NO.: |
| | ) | |
| DALE R. HANCHETT a/k/a DALE HANCHETT, | ) | PLAINTIFF DEMANDS |
| HANCHETT FARMS & CATTLE CO., LLC, | ) | JURY TRIAL |
| DENNIS J. ZIMMERMAN, KENDALL L. NICHOLS | ) | |
| a/k/a KENDALL NICHOLS, Jr. and | ) | |
| JOHN H. KASER | ) | |
| DEFENDANTS | ) | |

## COMPLAINT

Comes Now Plaintiff and for her complaint alleges as follows:

## I. PARTIES, JURISDICTION AND VENUE.

1. Plaintiff is an individual and a citizen of Colorado.

2. Defendants Dale R. Hanchett a/k/a Dale Hanchett (hereinafter "Hanchett"),
Dennis J. Zimmerman (hereinafter "Zimmerman") Kendall Lynn Nichols a/k/a Kendall
Nichols, Jr. (hereinafter "Nichols") and John H. Kaser (hereinafter "Kaser") are
individuals and citizens of Kansas. This Court has in personam jurisdiction over these
defendants.

3. Defendant Hanchett Farms & Cattle Co., LLC (hereinafter "Hanchett Farms, LLC")
is a Kansas Limited Liability Company with its principal place of business located in
Phillipsburg, Kansas.

4. Hanchett Farms, LLC is owned by Dale Hanchett, Dale Hanchett II and Lucas Hanchett all of whom are citizens of Kansas. The Court has in personam jurisdiction over Hanchett Farms, LLC.

5. The amount in controversy, exclusive of interest and costs, exceeds the amount specified by 28 U.S.C. § 1332. Jurisdiction based on diversity of citizenship and amount in controversy exists in this case.

6. This action arises from a December 23, 2019 semi-truck crash when a semi operated by Nichols and driven by Kaser caused a dangerous road condition on US Highway 24 in Osborne County, Kansas. Another semi operated by Hanchett Farms, LLC and/or Hanchett and driven by Zimmerman rear-ended the vehicle plaintiff was in and injured her. Venue is proper under 28 U.S.C. § 1391.

## II. DANGER OF TRUCK CRASHES.

7. Fully loaded semi-trucks can weigh 80,000 pounds or more. They operate day and night, in a range of weather conditions and can transport cargo which can burn, explode or is poisonous.

8. Operating semi-trucks on public highways involves the risk of physical harm unless skillfully and carefully done. *Jones v. C.H. Robinson Worldwide, Inc.*, 558 F. Supp. 2d 630 (W.D. Va. 2008). Trucking equipment……… has a capability for bringing about terrible injuries and damages to life. *Rodriguez v. Ager*, 705 F.2d 1229, 1236 (10th Cir. 1983) The potential for catastrophic injury and multiple fatalities is obvious.

9.  Federal statistics show the danger. They indicate that in 2018 more than 4,900 people were killed and over 150,000 injured in large truck crashes. *2020 Pocket Guide to Large Truck and Bus Statistics* published by the U.S. Department of Transportation, Federal Motor Carrier Safety Administration.

10. For all times herein material the defendants knew or should have known the danger of injury and death semi-trucks present and that they must be operated safely.

11. To drive the semi-trucks involved in this case Kaser and Zimmerman were required to possess valid commercial driver's licenses (hereinafter "CDL").  Obtaining a CDL requires specialized knowledge and skills beyond those required of persons holding ordinary driver's licenses.

## COUNT I.

### NICHOLS SEMI CAUSES DANGEROUS ROAD CONDITION – HANCHETT AND/OR HANCHETT FARMS, LLC SEMI REAR-ENDS PLAINTIFF

### NEGLIGENCE, NEGLIGENCE PER SE, RECKLESSNESS, WANTONNESS AND/OR DISREGARD FOR THE SAFETY OF OTHERS.

COMES Now plaintiff and for her first cause of action against defendants states and alleges as follows:

12.  Plaintiff realleges and incorporates by reference the allegations above.

A.  **SEMI OWNED BY NICHOLS, DRIVEN BY KASER CAUSES
    DANGEROUS ROAD CONDITION AND KEEPS ON TRUCKIN'.**

13. The safety of the public requires that semi-truck owners and drivers maintain and operate their trucks in a safe condition.

14. K.S.A. 8-1742(e) prohibits operating a motor vehicle or combination of vehicles with tires in an unsafe condition. Tires in unsafe condition are a frequent cause of blowouts and other tire failures.

15. K.S.A 8-1583(a) prohibits depositing any substance likely to injure any person, animal or vehicle on any highway.

16. K.S.A 8-1583(b) requires any person who drops, or permits to be dropped or thrown, any destructive or injurious material on any highway to immediately remove the same or cause it to be removed.

17. K.S.A. 8-1745(a) requires the driver of a semi truck stopped on a roadway or shoulder to immediately activate the truck's 4-way hazard flashers.

18. On December 23, 2019 at approximately 9:20 a.m. semi truck owned and operated by Nichols was being driven by Kaser on US Highway 24 in Osborne County, Kansas.

19. At this time and place Kaser was an agent, servant or employee of Nichols operating the semi in the course and scope of his employment and with the express or implied authorization or ratification of Nichols. Nichols is vicariously liable for the acts of Kaser alleged herein.

20. One or more of the tires on the semi was in an unsafe, dangerously defective condition.

21. One of the rear tires on the Nichol's semi had a blowout. The explosive force of the blowout caused noise, smoke and damaged the underside of the semi-trailer as shown in the following photograph:



22. In addition to the smoke and noise, the explosive force caused metal and wood from the trailer's underside and tire debris to become airborne. The smoke, noise and flying metal, wood and tire debris caused a condition dangerous to other vehicles on the highway.

23. Metal, wood and tire debris landed on the highway causing an additional dangerous condition as shown in the below photographs.





24. K.S.A 8-1583(b) required Kaser to stop and remove the debris from the highway.

25. The standard of care required Kaser to immediately stop and check the semi's tires.

26. Upon stopping K.S.A. 8-1745(a) and the standard of care required Kaser to activate the semi's 4-way hazard flashers. This would have warned other drivers of the dangerous condition.

27. Kaser disregarded his duties under K.S.A 8-1583(b), K.S.A. 8-1745(a) and the standard of care, allowed the debris and dangerous condition to remain on the highway and kept on driving.

28.  After the blowout the semi's tire was in dangerous condition such that K.S.A. 8-1742(e), the *North American Standard Out-of-Service Criteria* and standard of care prohibited the semi from continuing in operation until the tire was replaced.



29. Notwithstanding this, Kaser continued to disregard his duties under Kansas law and the standard of care not to drive on the unsafe tire. He continued driving the semi and was located by law enforcement at an agricultural facility a number of miles away.

30.  Upon information and belief Nichols and/or Kaser were negligent, negligent per se, reckless, wanton and acted/or disregard for the safety of others in operating the semi with a tire in a dangerously unsafe condition, creating a dangerous condition of the highway, failing to remove the debris which the blowout caused from the highway, failing to warn other drivers of the dangerous condition and/or in inspecting and maintaining the tire and otherwise.

B. **HANCHETT OR HANCHETT FARMS, LLC SEMI DRIVEN BY ZIMMERMAN REAR ENDS AND INJURES PLAINTIFF**.

31. At or about the time and location alleged above plaintiff was a passenger in a Chevrolet Equinox driven by Sena C. Bailey (hereinafter "Bailey") on US Highway 24 in Osborne, Kansas.

32.  The Equinox was behind the semi driven by Kaser.

33. Upon perceiving the noise, smoke, flying debris and dangerous condition caused by the tire blowout Bailey took evasive action. She was able to avoid the immediate danger caused by the blowout.

34. A semi bearing Hanchett Farms identification, owned by Hanchett, operated by Hanchett and/or Hanchett Farms, LLC and driven by Zimmerman was behind the Equinox.

35.    At this time and place Zimmerman was an agent, servant or employee of Hanchett and/or Hanchett Farms, LLC operating the semi in the course and scope of his employment and with the express or implied authorization or ratification of Hanchett and/or Hanchett Farms, LLC. Hanchett and/or Hanchett Farms, LLC is vicariously liable for the acts of Zimmerman alleged herein.

36. Kansas law and the standard of care requires that drivers on a public highway keep a proper lookout for other vehicles and objects in their line of vision that may affect their use of the highway.

37. K.S.A. 8-1557 and the standard of care require drivers not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual hazards then existing and shall drive at a safe and appropriate speed when special hazards exist by reason of highway conditions.

38. K.S.A. 8-1523 and the standard of care requires the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

39. The standard of care imposes additional duties on CDL drivers operating semi trucks which Zimmerman was required to comply with.

40. Zimmerman, driving the Hanchett and/or Hanchett Farms, LLC semi, failed to maintain and proper lookout, drove faster than reasonable and prudent under the

conditions, followed the Equinox more closely than reasonable and prudent, failed to swerve to avoid a collision and otherwise failed to comply with the standard of care.

41. As a direct and proximate result of the acts and omissions alleged above, Zimmerman permitted or caused the Hanchett and/or Hanchett Farms, LLC semi-truck, shown in the photograph below, to rear-end, crash into, strike and collide with the back of the Equinox plaintiff was riding in. Plaintiff was injured as a direct and proximate cause thereof.



### C. <u>ZIMMERMAN AFTER THE CRASH.</u>

42. K.S.A. 8-1602(a) and the standard of care requires drivers involved in a crash resulting in injury or damage to an attended vehicle to immediately stop at the scene of the crash or as close thereto as possible.

43. The semi driven by Zimmerman did not stop after rear-ending the Equinox. Zimmerman continued driving.

44. This necessitated the Equinox, with injured occupants, to follow the semi until it finally pulled over.

45. Zimmerman risked aggravating or further injuring the injured occupants of the Equinox by necessitating that it continue in motion following the semi.

46. K.S.A. 8-1604 requires drivers involved in a crash to make immediate efforts to determine if any person was injured and provide assistance to them.

47. When Zimmerman finally stopped the semi he exited the cab and was reportedly heard cursing and did not make efforts to provide assistance to the injured as required by K.S.A. 8-1604.

48. Zimmerman was negligent, negligent per se, reckless, wanton and acted/or disregard for the safety of others in failing to maintain a proper lookout, driving too fast in the conditions, following too closely, not swerving to avoid the crash, leaving the scene of the crash, failing to provide assistance to the injured and otherwise.

49. As a direct and proximate result of the acts and omissions of defendants alleged above plaintiff sustained permanent injury in the crash, has experienced, continues to experience and will experience pain, suffering, disability, loss of consortium and the quality and enjoyment of her life was, is and will be diminished.

50. As a direct and proximate result of the injuries sustained in the Crash plaintiff has required medical care and treatment, incurred expenses of more than $60,000. She will require additional medical care and treatment in the future and incur additional expenses for the same.

51. As a direct and proximate result of the injuries sustained in the Crash plaintiff has lost income and will suffer lost income in the future.

52. Defendants acts and/or omissions alleged above and following constitute negligence, negligence per se, and/or recklessness, wantonness and/or disregard for the safety of others. Plaintiff is entitled to judgment against defendants.

**WHEREFORE**, plaintiff prays for judgment against defendants for compensatory and punitive damages an amount in excess of $75,000, her costs herein expended and incurred and such other and further relief as the Court may deem just and equitable.

-13-

s/ Lawrence D. Flick
Lawrence D. Flick
KS Bar # 11162; MOBAR# 67906
Flick Law Firm
7500 College Blvd., Suite 526
Overland Park, Kansas 66210
Telephone: (913) 648-7000
Facsimile:  (913) 648-7080
E-mail:       lflick@flicklawfirm.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff requests trial by jury on all issues so triable.

s/ Lawrence D. Flick

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial of this action.

s/ Lawrence D. Flick