#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBIN D. POST<br>　　　　　　　Plaintiff,<br>v.<br><br>DALE R. HANCHETT a/k/a DALE HANCHETT FARMS & CATTLE CO., LLC, DENNIS J. ZIMMERMAN, KENDALL L. NICHOLS a/k/a KENDALL NICHOLS, JR. and JOHN H. KASER<br>　　　　　　　Defendants. | Case No. 21-2587-DDC |

#### DEFENDANT DALE R. HANCHETT'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON ALL CLAIMS PURSUANT TO RULE 50(a)

COMES NOW the defendant, Dale R. Hanchett, by and through Patrick J. Murphy of Woodard, Hernandez, Roth & Day, LLC, and hereby moves the court for judgment as a matter of law on all claims pursuant to Fed. R. Civ. P. 50(a).

This motion is made at the close of Plaintiff's case during trial.  Plaintiff has failed to present any evidence on which jury could enter a verdict against this Defendant. Defendant therefore moves for judgment on all claims against him, pursuant to Fed. R. Civ. P. 50(a) as a reasonable jury would not have a legally sufficient evidentiary basis to find in favor of Plaintiff on any claims asserted against Defendant Dale R. Hanchett.

In support of this motion, Defendant has also submitted his Memorandum in Support of Dale R. Hanchett's Motion for Judgment as a Matter of Law Pursuant to Rule 50(a).  Pursuant to Rule 50(a), Defendant also describes the judgment sought and the law and facts that entitle him to the judgment.

I.      INTRODUCTION.

This is a truck accident case in which Plaintiff claims injury arising out of a motor vehicle accident involving a truck driven by co-defendant Zimmerman, while in the course of his employment with Hanchett Farms & Cattle Co., LLC. Plaintiff named Dale R. Hanchett in this action as follows: Dale R. Hanchett a/k/a Dale Hanchett Farms & Cattle Co., LLC. Dale R. Hanchett is a member of Hanchett Farms & Cattle Co., LLC, as are his two sons. The parties stipulated prior to trial that Zimmerman was an employee of Hanchett Farms & Cattle Co., LLC.

There is no evidence, or allegation, that Zimmerman was an employee of Dale R. Hanchett, personally. There is also no allegation or evidence that Dale R. Hanchett was an active participant or otherwise involved in the motor vehicle accident giving rise to Plaintiff's claims in this action. There is no claim that would provide a basis for a jury to disregard the business entity/LLC status of Hanchett Farms & Cattle Co., LLC, so as to impose liability on its members or officers for torts of the LLC or its employees.

This motion is made at the close of Plaintiff's case, and the Court has now heard the evidence. As will be further discussed in oral arguments, the absence of any evidence from which a reasonable jury could find in favor of Plaintiff on any claim against Dale R. Hanchett, personally, entitles Defendant Dale R. Hanchett to judgment as a matter of Law pursuant to Fed. R. Civ. P. 50(a).

II.     ARGUMENTS AND AUTHORITIES.

It is well settled that, under Kansas law, an owner or officer of a corporate entity is not liable for the tortious acts of the corporation. This is true for members of a limited liability companies as well.

> Except as otherwise provided by this act, the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be

> solely the debts, obligations and liabilities of the limited liability company, and no member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company.

K.S.A. 17-7688(a).  *See* also *Canyon Creek Dev., LLC v. Fox*, 263 P.3d 799, 806 (Kan. Ct. App. 2011) ("K.S.A. 17-7688 clearly insulates LLC members from liability for debts of the LLC and from claims of third parties against the LLC.").

Regardless of the outcome of Plaintiff's negligence claim against Zimmerman, no evidentiary basis has been presented for Dale R. Hanchett to be vicariously liable for Zimmerman's alleged negligence.  Similarly, while Defendants believe the evidence fails to provide a basis for a reasonable jury to award punitive damages against Zimmerman, there certainly has been no evidence presented that could form the basis for the jury to award punitive damages against Dale R. Hanchett personally based on any conduct of Zimmerman.

Rule 50 of the Federal Rules of Civil Procedure provides for the entry of judgment in circumstances where, after opportunity to present evidence at trial, a party has failed to present evidence to permit "a reasonable jury…legally sufficient evidentiary basis to find for the party on that issue." Rule 50 provides, in relevant part:

> **(a) Judgment as a Matter of Law.**
> **(1)** *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> **(A)** resolve the issue against the party; and
> **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
> **(2)** *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

3

Fed. R. Civ. P. 50(a). Plaintiff has failed to meet this burden under any standard. Yet, this failure is particularly evident in connection with any claim for punitive damages, where the plaintiff's burden is to prove such claims by clear and convincing evidence.

"A court may grant judgment as a matter of law under Fed. R. Civ. P. 50(b) 'only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion.'" *Little v. The Budd Company*, 2019 WL 1255249, *3 (D.Kan.)(Crabtree, J.)(citing *Kelley v. City of Albuquerque*, 542 F.3d 802, 807 (10th Cir. 2008)(quoting *Harsco Corp. v. Renner*, 475 F.3d 1179, 1185 (10th Cir. 2007)). "[T]he controlling question is whether the plaintiff has arguably proven a legally sufficient claim." *Id*. (citations omitted).

Because the evidence presented fails to arguably prove any claim against Defendant Dale R. Hanchett personally, Defendant moves for judgment in his favor on all claims against him, pursuant to Fed. R. Civ. P. 50(a). The evidence does not provide a reasonable jury a legally sufficient evidentiary basis to find in favor of Plaintiff on any claims asserted against Defendant Dale R. Hanchett.

WHEREFORE, based on the arguments and authorities set forth herein and in his supporting memorandum, Defendant prays that his motion be granted and that judgment be entered in his favor.

Woodard, Hernandez, Roth & Day, LLC

/s/ Patrick J. Murphy
Patrick J. Murphy, #16034
245 N. Waco, Suite 260
Wichita, Kansas 67202
(316) 263-4958/(316) 263-0125 Fax
pmurphy@woodard-law.com
*Attorney for Defendants*
*Dale R. Hanchett a/k/a Dale Hanchett Farms*
*& Cattle Co., LLC and Dennis J. Zimmerman*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of February, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of this filing to the following.

>Lawrence D. Flick, #11162
>Flick Law Firm
>7500 College Blvd., Suite 526
>Overland Park, Kansas 66210
>lflick@flicklawfirm.com
>*Attorney for Plaintiff*
>
>Craig C. Blumreich, #10119
>Richard P. Billings, #22058
>Larson & Blumreich, Chartered
>5942 SW 29th Street, Suite 200
>P.O. Box 4306
>Topeka, Kansas  66604
>craig@lbc-law.com
>richard@lbc-law.com
>*Attorneys for Defendants*
>*Kendall L. Nichols and John H. Kaser*

and the original e-filed with:

>Clerk of the United States District Court
>District of Kansas
>401 N. Market
>Wichita, KS 67202

/s/ Patrick J. Murphy
Patrick J. Murphy, #16034
*Attorney for Defendants Dale R. Hanchett a/k/a Dale Hanchett Farms & Cattle Co., LLC and Dennis J. Zimmerman*
