## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

ROBIN D. POST

                Plaintiff,

v.

DALE R. HANCHETT a/k/a DALE
HANCHETT FARMS & CATTLE CO.,
LLC, DENNIS J. ZIMMERMAN,
KENDALL L. NICHOLS a/k/a KENDALL
NICHOLS, JR. and JOHN H. KASER
                Defendants.

Case No. 21-2587-DDC

### MOTION OF DEFENDANTS ZIMMERMAN AND HANCHETT FARMS & CATTLE CO., LLC ON PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES PURSUANT TO RULE 50(a)

COME NOW the defendants, Dennis Zimmerman and Hanchett Farms & Cattle Co., LLC, (Hanchett Farms, LLC) by and through Patrick J. Murphy of Woodard, Hernandez, Roth & Day, LLC, and hereby move the court for entry of judgment on Plaintiff's claims of punitive damages pursuant to Fed. R. Civ. P. 50(a).

This motion is made at the close of Plaintiff's case during trial. Plaintiff has failed to present any evidence on which jury could enter a verdict of punitive damages against these Defendants. Defendants therefore move for judgment on all claims against them pursuant to Fed. R. Civ. P. 50(a) as a reasonable jury would not have a legally sufficient evidentiary basis to find in favor of Plaintiff on punitive damage claims asserted against Defendants Dennis Zimmerman and Hanchett Farms, LLC.

In support of this motion, Defendants have submitted their Memorandum in Support of Dennis Zimmerman and Hanchett Farms, LLC's Motion on for Punitive Damages Pursuant to Rule 50(a). Pursuant to Rule 50(a), below the defendants also describe the judgment sought and the law and facts that entitle them to the judgment.

## I.    ARGUMENTS AND AUTHORITIES.

Defendants will not repeat their prior presentations of the legal authorities governing claims for punitive damages, but instead incorporate by reference the arguments and authorities submitted in their Memorandum in Support of their Motion for Partial Summary Judgment on the punitive damages claims (see Doc 96); Reply in Support of their Motion for Partial Summary Judgment (see Doc 103); their Memorandum in Support of their Motion for to Reconsider their Motion for Partial Summary Judgment (see Doc. 117); and in their oral arguments on February 12, 2024 before commencement of trial.    Defendants will only briefly cite and discuss legal authorities as necessary to summarize or supplement what has previously been presented in the earlier memorandums in support.

Plaintiff's evidence fails to provide sufficient evidentiary basis for a reasonable jury to award punitive damages against Zimmerman or Hanchett Farms, LLC, regardless of the outcome of Plaintiff's negligence claim.  Defendants therefore move for judgment for Defendants on the punitive damages claims.

Rule 50 of the Federal Rules of Civil Procedure provides for the entry of judgment in circumstances where, after opportunity to present evidence at trial, a party has failed to present evidence to permit "a reasonable jury...legally sufficient evidentiary basis to find for the party on that issue."  Rule 50 provides, in relevant part:

> **(a) Judgment as a Matter of Law.**
> **(1)** *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> **(A)** resolve the issue against the party; and
> **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

> **(2)** *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a).    Plaintiff has failed to meet this burden under any standard.    Yet, this failure is particularly evident in connection with any claim for punitive damages, where the plaintiff's burden is to prove such claims by clear and convincing evidence.

"A court may grant judgment as a matter of law under Fed. R. Civ. P. 50(b) 'only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion.'"    *Little v. The Budd Company*, 2019 WL 1255249, *3 (D.Kan.)(Crabtree, J.)(citing *Kelley v. City of Albuquerque*, 542 F.3d 802, 807 (10th Cir. 2008)(quoting *Harsco Corp. v. Renner*, 475 F.3d 1179, 1185 (10th Cir. 2007)).    "[T]he controlling question is whether the plaintiff has arguably proven a legally sufficient claim."    *Id.* (citations omitted).

### A.    Dennis Zimmerman.

In its order denying Defendant motion for partial summary judgment, the court described the issue as "close", and as a "close call."  (Doc. 111 at 34, 36).    That ruling was made, as the Court itself noted, on the basis of a relatively abstract summary judgment record, not evidence at trial.  (Doc. 111 at 34).    In its ruling, the court also described testimony by Zimmerman regarding the accident and made the following conclusion: "Mr. Zimmerman conceded that he could've avoided the collision if he had swerved onto the shoulder."  (Doc. 111 at 28, citing Zimmerman Dep. 96:9–15).    The cited deposition testimony, along with many other deposition questions and answers relied upon by Plaintiff in opposing the summary judgment motion, were subsequently excluded from evidence by the Court's recent rulings on objections made during the deposition.    As a practical matter, because the entirely of Zimmerman's testimony presented in Plaintiff's case at trial was deposition testimony presented by video, Plaintiff's evidence has

3

been diminished between the summary judgment stage and trial.  The diminution has been so great, defendants are now entitled to summary judgment.

Much of what remains in evidence presented at trial are responses to general questions about what might happen if "rules" are not followed.  Such testimony, however, in no way establishes a basis for punitive damages.  As the Court noted in in ruling on Defendants' motion for partial summary judgment, violation of a rule, or even statutory requirements such as speed or following distance, does not establish wantonness.  (See Doc. 111 at 33-34).

"To recover punitive damages at trial, a plaintiff must establish 'by clear and convincing evidence ... that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice.'" *Brent v. Walmart, Inc.*, No. 20-CV-01158-TC, 2022 WL 428474, at *3 (D. Kan. Feb. 11, 2022)(not reported in F.Supp.).  To do so, a plaintiff must first "show that the act was performed with a realization of imminent danger." *Brent v. Walmart, Inc.*, 2022 WL 428474, at *3, citing *Adamson v. Bicknell*, 295 Kan. 879, 890, 287 P.2d 274 (2012).  "Second, a plaintiff must show that the conduct was performed with reckless disregard or complete indifference to the probable consequences of the act. In other words, 'the actor must have *reason to believe* his act may injure another, and commits the act anyway, being indifferent to whether or not it injures another.'" *Id.* (internal citation omitted).

The Court stated these same principles in its summary judgment ruling in this case: "To establish wanton conduct, a plaintiff must make a two-pronged showing: (1) that the act was 'performed with a realization of the imminence of danger; and (2) that the act was performed with 'a reckless disregard [of] or complete indifference to the probable consequences of the act.'" (Doc. 111 at 12-13)(citing *Wagner v. Live Nation Motor Sports, Inc*., 586 F.3d 1237, 1244 (10th Cir. 2009) (quoting *Reeves v. Carlson*, 969 P.2d 252, 256 (Kan. 1998)).

Plaintiff's evidence fails to permit a reasonable jury to find, by clear and convincing evidence, that Zimmerman had the requisite realization of imminence or that he acted with the necessary intent requisite to a finding of punitive damages.  First, the evidence is clear that the driver of the vehicle occupied by plaintiff clearly testified at trial that Mr. Zimmerman never followed her at too close a distance until contact was made.  She said he was an appropriate distance before she moved into the oncoming lane and after she reentered the eastbound lane. No reasonable jury could find wanton conduct as it relates to following too close because even plaintiff's driver and daughter says he was not too close until he approached the vehicle.  The basis of plaintiff's punitive damages claim is that he was following too closely as they traveled down the road and he was indifferent to that fact.  That is not true according to plaintiff's evidence.  At the very least, it is not highly probable the jury will make such a finding based on this contested evidence.

Further, the mere fact that something could happen that may result in an accident, is far from evidence of action 'performed with a realization of the imminence of danger,' or 'a reckless disregard [of] or complete indifference to the probable consequences of the act.'  The accident that occurred here was unexpected, the result of a tire blowout on a truck ahead of both Plaintiff and Zimmerman on the highway, and Sena Bailey pulling back in front of Zimmerman with too little time for him to avoid a collision.   Nothing in the evidence indicates that the accident was "probable", or due to "indifference to a probable consequence."  Even if Zimmerman was negligent and following too closely, there was still considerable distance between the vehicles when the events began to unfold, the vehicles were just reaching highway speeds after turning onto this highway, and the plaintiff's vehicle had passed Zimmerman's truck and was, until just before the accident, travelling a greater speed than Zimmerman.  None of this suggests

indifference to a probable consequence, or a realization of imminent danger.  To the contrary, as the events of the blowout and the accident unfolded, Zimmerman did everything he thought he could do to avoid the accident.  He concluded he could only slow his vehicle and that is what he did in an effort to avoid an accident.

Turning to the events of the contact between the Post vehicle and Zimmerman's truck, the events involve a quickly developing accident on the highway.   According to the testimony of Zimmerman, the Post vehicle pulled back in front of Zimmerman's truck from the oncoming traffic lane, just 4 to 5 feet ahead of his truck.  According to Dallas Post, the collision occurred immediately after they pulled back into the lane which he describes in his recorded statement as "…we got passed (sic) that debris **she started to pull back over** and that's when the other semi hit us on the right rear panel." (emphasis added.)   According to Sena Bailey, the collision happened within seconds after she pulled back in front of Zimmerman.  Before the contact, Zimmerman continued braking, slowing his truck, trying to avoid a collision with the Post vehicle.

The Court has now had the opportunity to observe the video testimony and courtroom presence of Mr. Zimmerman; and the live testimony of Dallas Post, Sena Bailey, and plaintiff. Given the plaintiff's full presentation of her case to the jury, the evidence is insufficient to support a finding that Zimmerman acted willfully or wantonly.  It is not highly probable that the jury will find wanton conduct by Zimmerman in this rear-end accident involving moving vehicles, plaintiff's car swerving in and out of the traffic lanes, and Sena Bailey failing to pull over or speed up to avoid the approaching Dennis Zimmerman.  The evidence cannot support such a finding by the clear and convincing standard required for punitive damage claims and this

Court should grant plaintiffs' motion for judgment as a matter of law on all claims of punitive damages against the defendants.

### B.      Hanchett Farms, LLC.

Of course, granting judgment in favor of Zimmerman and against Plaintiff on her claim for punitive damages would necessarily preclude any such claim against Hanchett Farms, LLC. However, even if Plaintiff's punitive damages claim against Zimmerman survives, there is no basis on which to impose punitive damages against Hanchett Farms, LLC.

To the extent Plaintiff asserts a claim that Hanchett negligently hired or supervised Zimmerman, a claim she does not make in the Pretrial Order, such a claim does not provide a legal basis for imposition of punitive damages against an employer for acts of its employee.  It is not sufficient "that an employer was negligent or reckless in hiring, supervising, training, or retaining an employee or agent."  *Brent v. Walmart, Inc.*, 2022 WL 428474, at *3.

Next, Hanchett Farm, LLC did not ratify any actions of Mr. Zimmerman.  In Kansas, punitive damages against a defendant-employer are precluded "unless the questioned conduct was authorized or ratified by a person expressly empowered to do so on behalf of the employer." *Id.*, at *5, citing K.S.A. 60-3702(d)(1).   Authorization "may be either express or implied and generally is accomplished before or during the employee's questioned conduct."  *Id.* at *5 (citation omitted).   There is simply no evidence to suggest authorization by Hanchett Farms LLC.  Certainly, it could not have authorized any decisions made by Zimmerman at the time of the accident in question, as no one qualified to bind Hanchett Farms, LLC in such a way was present.  Nor is there any evidence of prior authorization.  There is no evidence that Mr. Zimmerman was, in general, a careless or reckless driver, or of any prior accidents involving

Zimmerman.  There is no evidence that Hanchett Farms had reason to believe Zimmerman was a careless or reckless driver.

Ratification may occur after the questioned conduct, and may manifest through actions indicating the approval, sanctioning, or confirmation of the conduct.  *Id.* (citation omitted).  "But the fact that an employee caused a foreseeable injury, alone, is not enough to support a punitive damages claim against an employer."  *Id.*, citing *Stallings v. Werner Enters., Inc.*, 598 F. Supp. 2d 1203, 1215 (D. Kan. 2009).  See also *Estate. of Glaves v. Mapleton Andover LLC*, 659 F. Supp. 3d 1208, 1224 (D. Kan. 2023).  Nor is it "enough to for [plaintiff] to offer evidence that the employee acted wantonly."  *Id.*, at *5, citing *Hartford Accident & Indem. Co. v. Am. Red Ball Transit Co.*, 938 P.2d 1281, 1284 Syl. ¶ 11 (Kan. 1997).

There is no evidence that Hanchett Farms, LLC authorized or ratified any conduct by Zimmerman giving rise to Plaintiff's claims.  There is nothing to suggest that Hanchett Farms, LLC had knowledge, even after the accident, of any acts by Zimmerman that might be considered wanton or willful.  Everything that plaintiff contends was wanton is disputed by the defendants.  Although it is true that Hanchett Farms, LLC does not think Zimmerman did anything wrong and did not fire or discipline him after this accident, taking a position regarding such contested facts does not constitute ratification of what plaintiff complains about.  Plaintiff has shown no evidence that Hanchett Farms even knew about the alleged "conscious choice" of Zimmerman until the deposition of Zimmerman in this litigation.  Under plaintiff's claim, any employer that does not discipline or fire an employee involved in an auto accident or some other tort would be responsible for punitive damages even if the facts of the accident were disputed and the employer felt their employee did nothing wrong.  Believing in your employee's factual

and legal defenses does not constitute ratification of a wanton act. Plaintiff must prove ratification of wanton conduct by Hanchett Farms, LLC. She has failed to meet this burden.

## II.    CONCLUSION.

Because the evidence presented by Plaintiff fails to provide a legally sufficient evidentiary basis to allow a reasonable jury to find in favor of Plaintiff on her claims for punitive damages, against either Zimmerman or Hanchett Farms, LLC, Defendants move for judgment on the plaintiff's punitive damages claim, pursuant to Fed. R. Civ. P. 50(a).

Respectfully submitted,

Woodard, Hernandez, Roth & Day, LLC

/s/ Patrick J. Murphy
Patrick J. Murphy, #16034
245 N. Waco, Suite 260
Wichita, Kansas 67202
(316) 263-4958/(316) 263-0125 Fax
pmurphy@woodard-law.com
*Attorney for Defendants*
*Dale R. Hanchett a/k/a Dale Hanchett Farms*
*& Cattle Co., LLC and Dennis J. Zimmerman*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of February, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of this filing to the following.

> Lawrence D. Flick, #11162
> Flick Law Firm
> 7500 College Blvd., Suite 526
> Overland Park, Kansas 66210
> lflick@flicklawfirm.com
> *Attorney for Plaintiff*
>
> Craig C. Blumreich, #10119
> Richard P. Billings, #22058
> Larson & Blumreich, Chartered
> 5942 SW 29th Street, Suite 200
> P.O. Box 4306
> Topeka, Kansas  66604
> craig@lbc-law.com
> richard@lbc-law.com
> *Attorneys for Defendants*
> *Kendall L. Nichols and John H. Kaser*

and the original e-filed with:

> Clerk of the United States District Court
> District of Kansas
> 401 N. Market
> Wichita, KS 67202

> /s/ Patrick J. Murphy
> Patrick J. Murphy, #16034
> *Attorney for Defendants Dale R. Hanchett*
> *a/k/a Dale Hanchett Farms & Cattle Co.,*
> *LLC and Dennis J. Zimmerman*